| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>CXE 16-017532<br>LOGS Legal Group LLP<br>14000 Commerce Parkway, Suite B<br>Mount Laurel, NJ 08054<br>(856) 793-3080<br>Elizabeth L. Wassall, Esq. 023211995<br>ATTORNEYS FOR NATIONSTAR MORTGAGE LLC | Order Filed on September 11, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
|---|---|
| In Re:<br><br>ALEXIS DE JESUS,<br>             DEBTOR | Case No.: 22-18766-MBK<br><br>Judge: HONORABLE MICHAEL B. KAPLAN<br><br>Chapter: 13 |

**Recommended Local Form**     ☐ Followed     ☒ Modified

## ORDER VACATING STAY AND CO-DEBTOR STAY

The relief set forth on the following pages, numbered two (2) through two (2), is hereby **ORDERED**.

**DATED: September 11, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon the motion of LOGS Legal Group LLP, Attorneys for Nationstar Mortgage LLC under Bankruptcy Code section 362(d) for relief from the Automatic Stay as to certain real property as hereinafter set forth, and for cause shown,

ORDERED that the motion is granted, and the stay is terminated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

☒Real property more fully described as:
**Lot 11 Block 1502**
**Commonly known as 21 Landon Drive, Bordentown, New Jersey 08505.**

It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property as sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that the co-debtor stay under 11 U.S.C. 1301 is vacated as to the co-debtor Nydia Ramos, to permit the movant to pursue its rights in the real property described above.

It is further ORDERED that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

It is further ORDERED that the movant shall be permitted to reasonably communicate with Debtor(s) and Debtor(s)' counsel to the extent necessary to comply with applicable non-bankruptcy law.

It is further ORDERED that the Trustee is directed to cease making any further distributions to the Creditor.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.